UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

ROGER A. DOWDY,

            Petitioner,           Case No. 1:12-cv-1057

v.                                           Honorable Paul L. Maloney

SHIRLEE HARRY,

            Respondent.
_____/

## ORDER OF TRANSFER
## TO SIXTH CIRCUIT COURT OF APPEALS

This is a habeas corpus action brought by a state prisoner, ostensibly pursuant to 28 U.S.C. § 2241. Petitioner contends that his petition is properly brought under 28 U.S.C. § 2241 rather than § 2254 because he is being detained by the warden of the Pugsley Correctional Facility in the absence of any judgment. Contrary to Petitioner's representations, however, he currently is incarcerated with the Michigan Department of Corrections (MDOC) and housed at the Pugsley Correctional Facility following his 1998 convictions, as a fourth felony offender, for felonious assault, assault with intent to commit sexual penetration, and first-degree home invasion. *See* MDOC Offender Tracking & Information System (OTIS), http://mdocweb.state.mi.us/OTIS2/ otis2profile.aspx?mdocNumber =137393 (Oct. 2, 2012).

A state prisoner seeking post-conviction relief from a federal court has but one remedy: an application for a writ of habeas corpus. *See Rittenberry v. Morgan*, 468 F.3d 331, 336-37 (6th Cir. 2006). All such applications for writs of habeas corpus are governed by § 2241, which generally authorizes federal courts to grant the writ – to both federal and state prisoners. *Id.* Most

state prisoners' applications for writs of habeas corpus are subject to the additional restrictions of § 2254. That is, if a state prisoner is "in custody pursuant to the judgment of a State court," his petition is subject to the procedural requirements of § 2254. *Id.*; *see also Thomas v. Crosby*, 371 F.3d 782, 803 (11th Cir. 2004); *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000). Petitioner brings this action seeking relief from custody from a state court judgment. His action, therefore, is governed by § 2254.

Petitioner previously filed two habeas corpus petitions in the Eastern District of Michigan. His first habeas petition was dismissed without prejudice for lack of exhaustion. *See Dowdy v. Smith*, No. 2:02-cv-73162 (E. D. Mich. Aug. 12, 2012). His second habeas petition was dismissed for lack of merit in the grounds presented. *See Dowdy v. Sherry*, No. 2:06-cv-10735 (E.D. Mich. Dec. 10, 2008).

Because Petitioner's 2006 habeas action was filed after the enactment of the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA), his current petition is subject to the "second or successive" provision set forth in 28 U.S.C. § 2244(b). *See Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007). Before a second or successive application is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see also Tyler v. Cain*, 533 U.S. 656, 661 n.3 (2001) (circuit court may authorize the petition upon a *prima facie* showing that the claim satisfies § 2244(b)(2); to survive dismissal in the district court, the application must actually show the statutory standard).[1] A successive petition raises grounds identical to those raised

---

[1] When the initial petition is filed before the enactment of the AEDPA on April 24, 1996, the district court must analyze whether the second or successive habeas petition would have survived under the pre-AEDPA abuse of the writ standard. *Cress*, 484 F.3d at 852. That standard does not require authorization from the court of appeals. *Id.*

and rejected in a prior petition. *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6 (1986) (plurality) (citing *Sanders v. United States*, 373 U.S. 1, 15-17 (1963)); *Lonberger v. Marshall*, 808 F.2d 1169, 1173 (6th Cir. 1987). A second petition is one which alleges new and different grounds for relief after a first petition was denied. *McClesky v. Zant*, 499 U.S. 467, 470 (1991); *see also Burger v. Zant*, 984 F.2d 1129, 1132-33 (11th Cir. 1993) (distinguishing second petitions and successive petitions).

A prior dismissal with prejudice has a preclusive effect under § 2244, though a prior dismissal without prejudice does not. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998). Both dismissals on the merits and certain types of decisions reached before a merits determination are dismissals with prejudice that have a preclusive effect. *Carlson v. Pitcher*, 137 F.3d 416, 419 (6th Cir. 1997) (citing *Benton v. Washington*, 106 F.3d 162, 164 (7th Cir. 1996)). For example, a dismissal with prejudice based on procedural default is "on the merits" and, thus, a subsequent habeas application would be second or successive. *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000). Similarly, a dismissal on the basis of the statute of limitations is a decision on the merits, rendering a subsequent application second or successive. *See Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)."); *see also In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011); *In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009); *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *Altman v. Benik*, 337 F.3d 764 (7th Cir. 2003).

Petitioner's previous habeas action was dismissed following a complete discussion of the merits of his claims; thus, the instant petition is second or successive. The appropriate

disposition is a transfer of the case to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Therefore:

IT IS ORDERED that this application for habeas relief is transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

    October 9, 2012                        /s/ Paul L. Maloney
Date                                          Paul L. Maloney
                                               Chief United States District Judge